ROBERT WISNIEWSKI P.C.
17 State Street, Suite 820
New York, NY 10004
Tel.: (212) 267-2101
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
ALYSSA RAMOS,                                            :

                       Plaintiff,         :    **Docket No:**

 -against-                                               :
                                                   **JURY TRIAL DEMANDED**
AMERICAN MULTI-CINEMA, INC. and AMC    :
ENTERTAINMENT HOLDINGS, INC.,
                                                  :

                      Defendants.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiff Alyssa Ramos ("Plaintiff"), by and through her attorneys, Robert Wisniewski P.C., as and for her Complaint against Defendants American Multi-Cinema, Inc. ("AMC") and AMC Entertainment Holdings, Inc. ("AMC Entertainment") (AMC and AMC Entertainment are, collectively, "Defendants"), states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants for discrimination and retaliatory termination based on sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

2. Plaintiff brings this action against Defendants for disability discrimination and retaliatory termination in violation of the Americans with Disabilities Act, as amended (the "ADA"), i.e., 42 U.S.C.S. §§ 12101 *et seq.*

3. Plaintiff also asserts claims against Defendants under the New York Executive Law

1

§ 296 ("NYSHRL") and New York Administrative Code § 8-107 ("NYCHRL") for discrimination and retaliatory termination based on sex and disability.

4. Plaintiff was employed as a Crew Member at Defendants from about August 10, 2023, until on or about February 2, 2025, when Defendants impermissibly discriminated against Plaintiff based on her sex (pregnancy) and disability by, among other things, terminating her employment.

**PARTIES, JURISDICTION, AND VENUE**

5. Plaintiff, a former employee of Defendants, is a resident of the State of New York, Bronx County.

6. At all relevant times, upon information and belief, AMC was and is a foreign business corporation within, and duly organized pursuant to the laws of, the State of Kansas, with its principal place of business located at One AMC Way, 11500 Ash Street, Leawood, KS 66211.

7. At all relevant times, upon information and belief, AMC Entertainment was and is a foreign business corporation within, and duly organized pursuant to the laws of, the State of Kansas, with its principal place of business located at One AMC Way, 11500 Ash Street, Leawood, KS 66211.

8. At all relevant times, Defendants employed fifteen (15) or more employees, and thus, were Plaintiff's "employers" within the meaning of that term under Title VII, the ADA, NYSHRL and NYCHRL.

9. This Court has personal jurisdiction over Defendants pursuant to CPLR § 302, New York's long-arm statute.

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under Title VII and the ADA. This Court has supplemental

jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367, because those claims are intimately related to Plaintiff's federal claims and form part of the same case or controversy.

11. This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. §1391(b), because substantial events relating to the claims herein occurred in this district.

## PREREQUISITES

12. Plaintiff filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of the Right to Sue (the "Right to Sue Letter") concerning the charge.

## TRIAL BY JURY

13. Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

14. In August 2023, Plaintiff began her employment with Defendants as a Crew Member at 2210 Bartow Ave, Bronx, NY 10475. Plaintiff was fully qualified for her position and consistently performed her duties adequately.

15. During her employment, Plaintiff became pregnant. She verbally disclosed her pregnancy to Lily l/n/u, a Human Resources manager, in February 2024.

16. Throughout her pregnancy, despite her dedication and hard work, Plaintiff faced numerous challenges and mistreatment. Plaintiff felt ostracized, receiving dirty looks from co-workers, and rooms falling silent whenever she entered, which occurred on a daily basis.

17. Plaintiff was subjected to condescending remarks and passive-aggressive comments from coworkers and managers about her pregnancy, which led to a sense of isolation and exclusion. For example, Plaintiff was informed by her supervisor, Chris l/n/u, and a former coworker, Ciara l/n/u, that management and crew leads were constantly talking about her

3

pregnancy, questioning whether she was actually pregnant. Reina l/n/u, in particular, consistently discussed with groups of coworkers whether Plaintiff was actually pregnant, implying that Plaintiff was lying about her pregnancy in order to do less work.

18. One specific incident involved a company party at Pelham Bay Park in or about May 2024. Although she did not attend due to discomfort from hearing other co-workers talk about her, Chris later informed Plaintiff that a manager, Tyrik l/n/u, and Fatima l/n/u, a former manager, spoke about how Plaintiff "wasn't doing anything" because of her pregnancy and should leave the job because she was "wasting the company time". Such negative remarks about Plaintiff's pregnancy occurred often, making Plaintiff nervous and anxious, leading to serious depression and postpartum depression.

19. At one point, an unknown manager attempted to give Plaintiff a lower performance rating, which was ultimately corrected.

20. Plaintiff made a complaint about the hostile work environment to managers Victoria l/n/u and Tyese l/n/u in or about August 2024, stating that she was greatly affected by the discriminatory comments and harassment by some of the managers, such as Tyrik, and other co-workers. However, none of the managers were formally disciplined.

21. Plaintiff eventually went on maternity leave from October 5, 2024, to December 9, 2024.

22. On February 2, 2025, Plaintiff was abruptly terminated from her position. The reason given for her termination was because of her "negative performance reviews" despite her previous positive performance feedback.

23. Plaintiff's negative performance reviews were caused by Plaintiff's absences due to her pregnancy, which she had documented with doctor's notes and notified Defendants about

via email, and was in retaliation for her complaint regarding her discriminatory mistreatment prior to having a child.

24. Thus, Plaintiff's termination was discriminatory in nature.

25. As a result of the Defendants' discrimination against Plaintiff, Plaintiff has, and will likely continue to, suffer significant economic consequences, including lost back and front wages, as well as physical sickness and emotional distress.

26. Defendants' acts of discrimination and retaliation were malicious and wanton, and must be punished and deterred by imposing punitive and/or liquidated damages.

27. No reasonable person could tolerate such treatment. Defendants' treatment of Plaintiff changed the conditions of her employment.

28. Defendants' disparate treatment and retaliatory termination of Plaintiff's employment due to her disability were intentional and in violation of Title VII, ADA, NYSHRL, and NYCHRL.

### *AMC and AMC Entertainment are a Unified Operation*

29. AMC and AMC Entertainment operate movie theater chains across the United States.

30. Upon information and belief, AMC Entertainment is the parent company of AMC, and may also function as a payroll company for the sole purpose of nominally employing and paying employees of AMC.

31. AMC Entertainment owns or dominates AMC through its high-level corporate officers.

32. Alternatively, AMC owns or dominates AMC Entertainment through its high-level corporate officers.

33. AMC and AMC Entertainment engage in related activities, namely the business of operating movie theater chains within the United States.

34. At all relevant times, AMC and AMC Entertainment have been owned, managed, and controlled by the same individuals or entities.

35. At all relevant times, AMC and AMC Entertainment have shared corporate officers, managers, supervisors, employees, administrative employees, bookkeeping and accounting services, as well as other costs of doing business.

36. Upon information and belief, AMC and AMC Entertainment share one legal department and one Human Resources Department.

37. AMC and AMC Entertainment are owned, managed, and controlled by the same individuals or entities, are operating as a unified operation, and each provides mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent on each other and, therefore, AMC and AMC Entertainment must be treated as a single enterprise.

38. In the alternative, as a matter of economic reality, AMC and AMC Entertainment are joint employers of Plaintiff and, as a result, AMC and AMC Entertainment, individually and collectively, and jointly and severally, are liable for all claims made herein.

**FIRST CLAIM FOR RELIEF**
**(Sex Discrimination in Violation of Title VII)**

39. Plaintiff repeats and realleges each and every allegation previously set forth.

40. When employed by Defendants, Plaintiff was an employee within the meaning of Section 2000e(f) of Title VII.

41. Defendants are employers within the meaning of Section 2000(e)(b) of Title VII.

42. Section 2000e2(a) of Title VII makes it unlawful for an employer "to discriminate

against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's…race, color, sex, or national origin". "The terms 'because of sex' or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . ."

43. Defendants, through their officers, managers, and employees discriminated against Plaintiff by treating her differently and less favorably than their male and/or non-pregnant employees based on Plaintiff's high-risk pregnancy by subjecting her, among other things, to disparate working conditions and discriminatory termination of her employment solely because of her high-risk pregnancy in violation of Section 2000e-2(a) of Title VII.

44. Defendants are liable for the discrimination against Plaintiff because it was created and fostered by its officers, managers, and employees and/or because Defendants did not take adequate steps to prevent or address instances of discrimination.

45. Said discrimination occurred with malice and reckless disregard of Plaintiff's rights.

46. As a result of Defendants' conduct, Plaintiff has suffered, and continues to suffer damages, including but not limited to, emotional pain and suffering, as well as loss of past and future wages and benefits.

47. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal remedies available under Title VII, including, but not limited to, punitive damages and compensatory damages, in amounts to be determined at trial, as well as interest, costs, and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
**(Sex Retaliation in Violation of Title VII)**

48. Plaintiff repeats and realleges each and every allegation previously set forth.

49. Defendants retaliated against Plaintiff by terminating her employment on the basis of her requesting a reasonable accommodation and by failing to provide her with a reasonable accommodation for her high-risk pregnancy. Defendants were aware that Plaintiff requested a reasonable accommodation prior to her termination.

50. Defendants' conduct was intentional, deliberate, willful and conducted in callous, malicious and reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of Defendants' illegal discrimination, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal and equitable remedies available under Title VII, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages, in amounts to be determined at trial, as well as interest, costs, and reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF
**(Disability Discrimination in Violation of the ADA)**

52. Plaintiff repeats and realleges each and every allegation previously set forth.

53. Plaintiff is a person covered by and intended to benefit from the provisions of the ADA.

54. Plaintiff is a qualified individual with a disability under the ADA.

55. Defendants violated the ADA, 42 U.S.C. § 12101, *et seq.*, by engaging in, perpetuating and permitting supervisory and decision-making employees to engage in discriminatory employment practices in which Plaintiff's disability was the motivating, if not the only factor.

56. Defendants' policies and practices resulted in Plaintiff being subject to

discrimination based on disability. Plaintiff was fully qualified to perform the essential functions of her position with reasonable accommodation. After Plaintiff informed Defendants of her disability, Defendants subjected Plaintiff to inferior terms and conditions of employment and fired Plaintiff because of her disability.

57. As a result of Defendants' conduct, Plaintiff has suffered, and continues to suffer damages, including but not limited to, emotional pain and suffering, as well as loss of past and future wages and benefits.

58. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal remedies available under the ADA, including, but not limited to, punitive damages and compensatory damages, in amounts to be determined at trial, as well as interest, costs, and reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### (Disability Retaliation in Violation of the ADA)

59. Plaintiff repeats and realleges each and every allegation previously set forth.

60. Defendants retaliated against Plaintiff by terminating her employment on the basis of her requesting a reasonable accommodation and by failing to provide her with a reasonable accommodation for her disability. Defendants were aware that Plaintiff requested a reasonable accommodation prior to her termination.

61. Defendants' conduct was intentional, deliberate, willful and conducted in callous, malicious and reckless disregard of Plaintiff's protected rights.

62. As a direct and proximate result of Defendants' illegal discrimination, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal and equitable remedies available under the ADA, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages, in amounts to be

determined at trial, as well as interest, costs, and reasonable attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (Sex and Disability Discrimination in Violation of the NYSHRL)

63. Plaintiff repeats and realleges each and every allegation previously set forth.

64. Plaintiff was a qualified individual with a disability under the NYSHRL.

65. New York Executive Law § 296(1) provides that, "It shall be an unlawful discriminatory practice: (a) For an employer ..., because of an individual's age, race, creed, color, national origin, sexual orientation, sex, disability... or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

66. By and through its course of conduct as alleged herein, Defendants and their agents discriminated against Plaintiff by subjecting her to disparate treatment and by terminating her employment on the basis of her high-risk pregnancy and disability in violation of the NYSHRL.

67. Defendants' conduct was intentional, deliberate, willful and conducted in callous, malicious and reckless disregard of Plaintiff's protected rights.

68. Plaintiff was fully qualified to perform the essential functions of her position with reasonable accommodation. After Plaintiff informed Defendants of her disability, Defendants subjected Plaintiff to inferior terms and conditions of employment and fired Plaintiff because of her high-risk pregnancy and disability.

69. As a direct and proximate result of Defendants' illegal discrimination, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal and equitable remedies available under the NYSHRL, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages, in amounts to be determined at trial, as well as interest, costs, and reasonable attorneys' fees.

## SIXTH CLAIM FOR RELIEF
### (Sex and Disability Retaliation in Violation of the NYSHRL)

70. Plaintiff repeats and realleges each and every allegation previously set forth.

71. Defendants retaliated against Plaintiff by terminating her employment on the basis of her requesting a reasonable accommodation and by failing to provide her with a reasonable accommodation for her high-risk pregnancy and disability. Defendants were aware that Plaintiff requested a reasonable accommodation prior to her termination.

72. Defendants' conduct was intentional, deliberate, willful and conducted in callous, malicious and reckless disregard of Plaintiff's protected rights.

73. As a direct and proximate result of Defendants' illegal discrimination, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal and equitable remedies available under the NYSHRL, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages, in amounts to be determined at trial, as well as interest, costs, and reasonable attorneys' fees.

## SEVENTH CLAIM FOR RELIEF
### (Sex and Disability Discrimination in Violation of the NYCHRL)

74. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

75. The New York Administrative Code § 8-107(1) provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived ... sex, race, color, national origin, gender, disability... to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

76. By and through its course of conduct as alleged herein, Defendants and their agents discriminated against Plaintiff by subjecting her to disparate treatment and by terminating her

11

employment on the basis of high-risk pregnancy and disability in violation of New York Administrative Code § 8-107(1).

77. Said discrimination occurred with malice and reckless disregard of Plaintiff's rights.

78. Plaintiff was fully qualified to perform the essential functions of her position with reasonable accommodation. After Plaintiff informed Defendants of her high-risk pregnancy and disability, Defendants subjected Plaintiff to inferior terms and conditions of employment and fired Plaintiff because of her high-risk pregnancy and disability

79. As a direct and proximate result of Defendants' illegal discrimination, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal and equitable remedies available under the NYCHRL, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory damages, in amounts to be determined at trial, as well as interest, costs, and reasonable attorneys' fees.

80. Plaintiff is also entitled to an award of punitive damages because Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of Section 8-107.

**EIGHTH CLAIM FOR RELIEF**
**(Sex and Disability Retaliation in Violation of the NYCHRL)**

81. Plaintiff repeats and realleges each and every allegation previously set forth.

82. Defendants retaliated against Plaintiff by terminating her employment on the basis of her requesting a reasonable accommodation and by failing to provide her with a reasonable accommodation for her high-risk pregnancy and disability. Defendants were aware that Plaintiff requested a reasonable accommodation prior to her termination.

83. Defendants' conduct was intentional, deliberate, willful and conducted in callous,

malicious and reckless disregard of Plaintiff's protected rights.

84. As a direct and proximate result of Defendants' illegal discrimination, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal and equitable remedies available under the NYCHRL, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory damages, in amounts to be determined at trial, as well as interest, costs, and reasonable attorneys' fees.

85. Plaintiff is also entitled to an award of punitive damages because Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of Section 8-107.

## **PRAYER FOR RELIEF**

**WHEREFORE**, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demands a trial by jury and judgment against Defendants as follows:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State and City of New York;

B. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and/or economic damages;

C. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical and mental injuries;

D. An award of damages to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

E. Reinstatement to her position with all benefits and seniority.

F. An award of punitive damages; and

G. An award of costs and disbursements that Plaintiff incurred in this action, as well as Plaintiff's attorneys' fees to the fullest extent permitted by law.

Together with such other and further relief that the Court deems just and proper.

Dated: New York, New York
October 9, 2025

ROBERT WISNIEWSKI P.C.
By: /s/Robert Wisniewski
Robert Wisniewski
*Attorneys for Plaintiff*
17 State Street, Suite 820
New York, NY 10004
Tel.: (212) 267-2101
Email: rw@rwapc.com

14